Eastern District of Kentucky
**FILED**

MAY 08 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| DESEAN NEAL, ) | |
| ) | |
| Plaintiff, ) | Case No. 0:19-cv-038-HRW |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER BANKS, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Desean Neal is an inmate at the Eastern Kentucky Correctional Complex (EKCC), a state prison in West Liberty, Kentucky. Proceeding without a lawyer, Neal filed a civil rights complaint with the United States District Court for the Western District of Kentucky pursuant to 42 U.S.C. § 1983 [D. E. No. 1], but the Western District transferred Neal's case to this Court [D. E. No. 7]. Neal's complaint is now before this Court on initial screening pursuant to 28 U.S.C. § 1915A, and, for the reasons set forth below, the Court will dismiss that complaint.

Neal alleges that certain prison officials stripped him of his clothes and placed him in a "restraint chair." [D. E. No. 1 at 4-5]. Neal then alleges that an officer stepped on his bare feet, slammed a shield against his face several times, causing him injuries, and forced him to stay in the restraint chair for five hours until he urinated on himself. [*Id.* at 5]. Neal claims that the five named defendants, all

EKCC employees, violated his constitutional and statutory rights, and he seeks money damages. [*Id.* at 1-6].

That said, Neal makes it clear in his complaint that he is only suing the five EKCC employees in their official capacities. [*Id.* at 2-3]. That is a problem for Neal because, notwithstanding its label, an "official capacity" claim against a state officer is not simply a claim against that officer for his or her conduct while acting as a state employee; instead, it is a claim against the state agency. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent."). Thus, Neal's claims against the defendants in their official capacities are actually claims against the Kentucky Department of Corrections (KDOC), as the EKCC is a KDOC facility.

The KDOC, however, is not subject to suit in federal court pursuant to § 1983. That is because a state agency is not a "person" subject to liability under § 1983 and, in any event, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-cv-P697-S, 2008 WL 4127847, at *2 (W.D. Ky. Sept. 4, 2008) (citing *Puerto Rico Aqueduct & Sewer Auth. v.*

*Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-47 (1993)). As a result, Neal's complaint as currently drafted fails to state a claim upon which relief may be granted.

The Court notes that if Neal's complaint had named the defendants in their *individual* capacities, at least some of his claims might have survived the Court's initial screening. Neal can file a new complaint with this Court, if he so chooses. However, in this case, since Neal made it clear that he was only suing the five EKCC employees in their official capacities [*Id.* at 2-3], the Court will dismiss his complaint.

Accordingly, the Court **ORDERS** as follows:

1. Neal's complaint [D. E. No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This the ____ day of May, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

3